Jean M. BEVINGTON; John P.
Bevington; James J. Bevington,
Plaintiffs–Appellants,

v.

WRIGHT STATE UNIVERSITY,
et al., Defendants–Appellees.

No. 01–3295.

United States Court of Appeals,
Sixth Circuit.

Nov. 7, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.*

Jean M. Bevington, John P. Bevington, and James J. Bevington appeal a district court judgment dismissing their civil rights claim filed pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132; and the Family Education Rights and Privacy Act of 1974, 20 U.S.C. § 1232g. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Jean M. Bevington, along with her sons, John and

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

James, sued Wright State University and several of its employees contending that the University discriminated against John and James due to their handicaps. The district court subsequently granted summary judgment to the defendants. In their timely appeal, the Bevingtons contend that genuine issues of fact exist to prevent the grant of summary judgment to the defendants and that the district court judge should have recused himself.

We review the district court's judgment de novo. *See Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000).

Upon review we conclude that the defendants were entitled to summary judgment as a matter of law. Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.1989). Once the moving party satisfies his burden, the burden shifts to the non-moving party to set forth specific facts showing an issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

As the district court noted, the Bevingtons failed to submit any evidence to support their allegations. Rather, they relied on the defendants' evidence to argue their case. As the Bevingtons failed to meet their burden of establishing a genuine issue of fact, for this reason alone summary judgment was appropriate for the defendants. *Id.*

■ The Bevingtons insist that the university provide them with a written plan to accommodate their handicaps. However, neither the Rehabilitation Act nor the Americans with Disabilities Act require a written plan for post-secondary students. Thus, the University was entitled to summary judgment as a matter of law on this issue.

■ The Bevingtons state that they are entitled to a tutorial program. However, such a program is not required. *See* 34 C.F.R. § 104.44(d).

■ The Bevingtons also argue that their student records were not kept confidential. However, as the district court noted, the Bevingtons did not support their burden of proof by presenting evidence to support this allegation. *Matsushita* makes it clear that the Bevingtons must provide evidence to create a genuine issue of fact to avoid the grant of summary judgment. The Bevingtons have failed to meet this burden. Therefore, summary judgment was properly granted to the defendants on this issue.

Finally, the Bevingtons contend that the district court judge should have recused himself. This court follows a stringent rule regarding recusal whenever "judicial bias and/or hostility is found to have been exhibited at any stage of a judicial proceeding." *Anderson v. Sheppard*, 856 F.2d 741, 746–47 (6th Cir.1988). The court has repeatedly emphasized that great care must be taken by a judge to always be calmly judicial, dispassionate, and impartial. *Id.* at 745. A review of the record reveals that the district court was not biased towards the Bevingtons. The Bevingtons simply failed to provide any evidence to support their case.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.